# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § § § § § § § § | **CASE NO. 6:09CR112(4)** |
| **vs.** | | |
| **THOMAS ERIK WILLIAMSON** | | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Thomas Erik Williamson's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 2 in the Petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to serve 21 months of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Less than 50 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, Defendant was sentenced on August 18, 2010, by the Honorable Leonard Davis, Chief United States District Judge, to 60 months of imprisonment to be followed by 3 years of supervised release. Defendant completed his term of imprisonment and began serving his term of supervised release on September 13, 2013.

*Allegations*

In the Petition for Warrant for Offender Under Supervision filed on December 30, 2013, United States Probation Officer Laura Palafox alleges that Defendant violated the conditions of his supervised release that state: (1) the defendant shall not commit another federal, state or local crime; and (2) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. More specifically, it is alleged that Defendant attempted to use a device designed to falsify drug test results on December 23, 2013 and, on the same date, admitted to using methamphetamine.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant possessed a controlled substance in violation of his conditions. Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g). *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using and thereby possessing methamphetamine as alleged in the Petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by attempting to use a device designed to falsify drug test results as alleged in the Petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the Guidelines provide a guideline range of 8 to 14 months of imprisonment. U.S.S.G. § 7B1.4(a). The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On January 31, 2014, Defendant appeared for a final revocation hearing. Assistant Federal Defender Ken Hawk and Assistant United States Attorney Jim Middleton announced that an agreement was reached for Defendant to enter a plea of true to Allegation 2 in the petition and to jointly request a sentence of 21 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, Defendant waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 in the petition.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI El Reno.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and Defendant should be sentenced to 21 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to 21 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocate before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the

Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of 21 months with no further supervised release.

So ORDERED and SIGNED this 31st day of January, 2014.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE